1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                         FOR THE DISTRICT OF ARIZONA

8

9    Dewey Lee McBride,                  )    No. CV 16-0485-TUC-CKJ (LAB)
                                         )
10            Petitioner,                )    **REPORT AND RECOMMENDATION**
                                         )
11   vs.                                 )
                                         )
12   Charles L. Ryan; et al.,            )
                                         )
13            Respondents.               )
                                         )
14   _____)

15

16          Pending before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. §

17   2254, filed on July 21, 2016, by Dewey Lee McBride, an inmate confined in the Arizona State

     Prison Complex in Buckeye, Arizona.   (Doc. 1);   https://corrections.az.gov/public-
18
     resources/inmate-datasearch.
19
            Pursuant to the Rules of Practice of this court, this matter was referred to Magistrate
20
     Judge Bowman for report and recommendation.  LRCiv 72.2(a)(2).
21
            The Magistrate Judge recommends that the District Court, after its independent review
22
     of the record, enter an order dismissing the petition.  It is time-barred.
23

24
            <u>Summary of the Case</u>
25
            McBride pleaded guilty in accordance with a consolidated plea agreement to three counts
26
     of second-degree burglary and possession of a dangerous drug for sale in case CR20081861 and
27

28

1    first-degree burglary in case CR20081871. (Doc. 11, pp. 10-11) On August 17, 2009, the trial

2    court sentenced McBride to an aggregate prison term of 37 years   (Doc. 11, pp. 14-21)

3         After several false starts, McBride filed his Rule 32 of-right post-conviction relief

4    petition on February 22, 2011. (Doc. 12, p. 10) He argued his mental health issues were not

5    adequately addressed and trial counsel was ineffective for failing to represent him properly at

6    the presentence interview and failing to present mitigating evidence at sentencing. (Doc. 12,

7    pp. 10-24); (Doc. 1, p. 2) The trial court denied the petition, but sua sponte held that the

8    sentence for one of his burglary convictions was error. (Doc. 13, pp. 3-15) The state filed a

9    motion for reconsideration, and on November 30, 2011, the court reversed itself and denied the

10   entire petition. (Doc. 13, pp. 36-38)

11        On January 4, 2012, McBride filed a petition for review with the Arizona Court of

12   Appeals. (Doc. 14, p. 3) On April 30, 2012, the court of appeals granted a limited remand to

13   determine which documents the trial court relied upon during sentencing. (Doc. 15, p. 43) On

14   May 3, 2012, McBride discovered that the trial court had received, prior to sentencing, a letter

15   from his son's maternal grandmother, Cindy Taylor. *Id.* The letter was sealed by the trial court;

16   its existence was not disclosed to the parties. (Doc. 15, p. 43)

17        The Arizona Court of Appeals granted review but denied relief on May 25, 2012. (Doc.

18   14, p. 29) The court explained that "McBride has failed to demonstrate the trial court abused

19   its discretion, either in finding insufficient evidence that he was incompetent, or in concluding

20   that counsel was not ineffective by failing to challenge McBride's competency at the change-of-

21   plea and sentencing hearings." (Doc. 14, p. 33) McBride moved for permission to view the

22   Taylor letter on June 7, 2012. (Doc. 15, p. 43) He found that it described him as "a violent,

23   dishonest career criminal." (Doc. 15-9, p. 4) He moved unsuccessfully for a rehearing. (Doc.

24   15, p. 43)

25        On October 13, 2012, McBride filed a petition for review with the Arizona Supreme

26   Court. (Doc. 14, pp. 44-60) In that petition, he argued he should be resentenced before a

27   different judge because the trial court concealed the Taylor letter from him. *Id.* The Arizona

28   Supreme Court denied his petition for review on February 15, 2013. (Doc. 14, p. 61)

On April 12, 2013, McBride filed notice of post-conviction relief raising the issue of the Taylor letter.  (Doc. 15, p. 3)  On April 19, 2013, the trial court dismissed the notice because the Arizona Court of Appeals had not issued its mandate, and the trial court was without jurisdiction over the case.  (Doc. 15, p. 6)

On June 10, 2013, McBride refiled his notice of post-conviction relief arguing that the Taylor letter was a newly discovered material fact that would have changed the sentence.  (Doc. 15, pp. 19-20)  He filed his petition on August 12, 2013.  (Doc. 15, p. 40)  On August 14, 2013, the case was reassigned to a different judge on the defendant's motion.  (Doc. 15, pp. 36-38)

On November 15, 2013, the trial court held that the Taylor letter was not "newly discovered evidence," denied McBride's request for resentencing before a new judge, and denied his request to have his Rule 32 of-right petition reevaluated by a new judge.  (Doc. 16, pp. 30-38)  On rehearing, the trial court partially reversed itself holding that the Taylor letter *was* "newly discovered evidence" and granting McBride a resentencing.  (Doc. 17, pp. 6-7)  The trial court did not revisit its order denying McBride a reevaluation of his Rule 32 of-right petition before a different judge.  *Id.*

McBride filed a petition for review on March 31, 2014.  (Doc. 17, p. 11)  The Arizona Court of Appeals granted review but denied relief on September 22, 2014.  (Doc 18, pp. 3-6)  The court held that "no basis for relief described in Rule 32.1 expressly permits a collateral attack on an earlier Rule 32 proceeding – each substantive provision specifically addresses a defect in the defendant's conviction or sentence."  (Doc. 18, p. 6)

McBride filed a petition for review with the Arizona Supreme Court.  (Doc. 18, p. 8)  The court denied review on April 21, 2015.  (Doc. 18, p. 20)  The court of appeals filed its mandate on May 7, 2015.  (Doc.18-4, p. 2)  McBride filed a petition for certiorari with the U.S. Supreme Court on July 20, 2015.  (Doc. 18, p. 36)  It was denied on December 7, 2015.  (Doc. 18-6, p. 2)

On July 21, 2016, McBride filed the pending petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1)  He claims "the state courts violated his right to due process as guaranteed by the Fourteenth Amendment to the Constitution by denying him the right to have

1   the issues raised in his initial post-conviction petition . . . decided by a judge who is not biased

2   as a matter of law." (Doc. 1, pp. 4-5)

3           The respondents filed a limited answer arguing, among other things, that the petition is

4   time-barred. (Doc. 10)  They are correct.  The court does not reach the respondents' alternate

5   argument that McBride's claim is procedurally defaulted.

6           McBride did not file a reply arguing he is entitled to equitable tolling or that he is

7   "actually innocent."

8

9           Discussion

10          The writ of habeas corpus affords relief to persons in custody in violation of the

11  Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  The petition,

12  however, must be filed within the limitation period or it will be dismissed.  The statute reads in

13  pertinent part as follows:

14          (1)     A 1-year period of limitation shall apply to an application for a writ of
                    habeas corpus by a person in custody pursuant to the judgment of a State
15                  court.  The limitation period shall run from the latest of--

16                  (A)     the date on which the judgment became final by the conclusion of
                            direct review or the expiration of the time for seeking such review;
17

18                  (B)     the date on which the impediment to filing an application created
                            by State action in violation of the Constitution or laws of the
19                          United States is removed, if the applicant was prevented from filing
                            by such State action;

20                  (C)     the date on which the constitutional right asserted was initially
                            recognized by the Supreme Court, if the right has been newly
21                          recognized by the Supreme Court and made retroactively
                            applicable to cases on collateral review; or
22
                    (D)     the date on which the factual predicate of the claim or claims
23                          presented could have been discovered through the exercise of due
                            diligence.
24

25          (2)     The time during which a properly filed application for State
                    post-conviction or other collateral review with respect to the pertinent
26                  judgment or claim is pending shall not be counted toward any period of
                    limitation under this subsection.
27

28

- 4 -

28 U.S.C. § 2244(d). The "one-year statute of limitations . . . applies to each claim in a habeas application on an individual basis." *Mardesich v. Cate*, 668 F.3d 1164, 1170 (9th Cir. 2012).

"Equitable tolling is available to a habeas petitioner if (1) the petitioner pursued his rights diligently, and (2) an extraordinary circumstance prevented timely filing." *Yow Ming Yeh v. Martel*, 751 F.3d 1075, 1077 (9th Cir.), cert. denied sub nom. *Yow Ming Yeh v. Biter*, 135 S. Ct. 486 (2014). "This is a very high bar, and is reserved for rare cases." *Id*.

A showing of "actual innocence" may also serve to excuse an untimely petition. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The Supreme Court has cautioned, however, that "tenable actual-innocence gateway pleas are rare: A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (punctuation modified).

McBride's claim is based on the Taylor letter, which McBride discovered in June of 2012, while he was litigating his Rule 32 of-right petition. (Doc. 15, p. 43)  This happened before his judgment became final, so the limitation period for this claim was not triggered until that later date – "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The trial court finally denied McBride's Rule 32 of-right petition on November 30, 2011 after the state's successful motion for reconsideration. (Doc. 13, pp. 36-38) The Arizona Court of Appeals granted review but denied relief on May 25, 2012. (Doc. 14, p. 29)  McBride's petition for review with the Arizona Supreme Court was denied on February 15, 2013. (Doc. 14, p. 61)  McBride then had 90 days to petition the U.S. Supreme Court for review. Sup. Ct. R. 13. When he did not do so, his judgment became final on May 16, 2013. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

The limitation period began running the next day[1] and ran for 24 days until June 10, 2013 when McBride filed his notice of post-conviction relief, which tolled the running of the limitation period. *See* 28 U.S.C. § 2244(d)(2). Tolling pursuant to § 2244(d)(2) continued until the Arizona Supreme Court denied relief on April 21, 2015. (Doc. 18, p. 20) The court of appeals did not file its mandate until May 7, 2015, but this ministerial act does not affect the limitation calculation. (Doc.18-4, p. 2); *Hemmerle v. Schriro*, 495 F.3d 1069, 1077 (9th Cir. 2007) ("We conclude that after the February 20, 2003, denial by the Arizona Supreme Court, nothing remained 'pending' for purposes of § 2244(d)(2)"); *White v. Klitzkie*, 281 F.3d 920, 923 n. 4 (9th Cir. 2002) ("[I]t is the decision of the state appellate court, rather than the ministerial act of entry of the mandate, that signals the conclusion of review.").

The limitation period began running the next day, on April 22, 2015, and expired 342 days later on March 28, 2016. The court adds 342 days rather than 341 days because the limitation period is calculated according to the "anniversary method," and 2016 is a leap year. *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). The limitation period was not tolled while McBride's petition for certiorari was pending before the U.S. Supreme Court. *Lawrence v. Florida*, 549 U.S. 327, 332, 127 S. Ct. 1079, 1083 (2007) ("[Section] 2244(d)(2) does not toll the 1–year limitations period during the pendency of a petition for certiorari.").

McBride filed his petition for writ of habeas corpus in this court on July 21, 2016, which is 115 days after the limitation period expired. (Doc. 1) It is time-barred.

RECOMMENDATION

---

[1] The notice of post-conviction relief filed on April 12, 2013 did not trigger stautory tolling pursuant to 28 U.S.C. § 2244(d)(2). (Doc. 15, p. 3) The trial court was without jurisdiction over the case at that time, so the notice was not "properly filed" as the statute requires. (Doc. 15, p. 6); *Artuz v Bennett*, 531 U.S. 4, 9, 121 S.Ct. 361, 364 (2000) ("If, for example, an application is erroneously accepted by the clerk of a court lacking jurisdiction . . . it will be *pending* but not *properly filed*."). (emphasis in original) Consequently, there was no "gap" tolling between April 19, 2013, when the notice was dismissed, and June 10, 2013, when the notice was refiled. *See, e.g., Hemmerle v. Schriro*, 495 F.3d 1069, 1075 (9th Cir. 2007). So the clock started running the day after the judgment became final on May 16, 2013.

1

2     The Magistrate Judge recommends that the District Court, after its independent review

3     of the record, enter an order DISMISSING the petition for writ of habeas corpus.  (Doc. 1)  It
is time-barred.

4     Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within

5     14 days of being served with a copy of this report and recommendation.  If objections are not

6     timely filed, they may be deemed waived.  The Local Rules permit a response to an objection.

7     They do not permit a reply to a response.

8

9     DATED this 2nd day of December, 2016.

10

11     _____

12                 Leslie A. Bowman
                   United States Magistrate Judge
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28