1
2
3
4
5
6
7
8

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

9   Dewey Lee McBride,                                 No. CV-16-00485-TUC-CKJ

10                      Petitioner,                    **ORDER**

11   v.

12   Charles L Ryan,

13                      Respondent.

14

15

16          On December 2, 2016, Magistrate Judge Leslie A. Bowman issued a Report and

17   Recommendation (Doc. 19) in which she recommended the Petition Under 28 U.S.C.

18   §2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1) filed by Dewey

19   McBride be denied. McBride objected to the Report and Recommendation. (Doc. 20).

20   Respondents have not filed a response.

21

22          This Court "may accept, reject, or modify, in whole or in part, the findings or

23   recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  Further, under 28

24   U.S.C. § 636(b)(1), if a party makes a timely objection to a magistrate judge's

25   recommendation, then this Court is required to "make a de novo determination of those

26   portions of the [report and recommendation] to which objection is made."  The statute

27

28

does not "require [] some lesser review by [this Court] when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 149-50, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Rather, this Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Id*. at 149.

No objections having been made to the magistrate judge's rendering of the procedural and factual history, the Court adopts those recitations. The Court now evaluates McBride's objections to statutory time computation, and finds McBride's petition is time-barred.

*Procedural History*

The Court will briefly reiterate facts mentioned in the Report and Recommendation and supplement them with additional facts in the record that specifically address the objections by McBride.

McBride was sentenced August 17, 2009, and filed his first petition for post-conviction relief on February 22, 2011. (Doc. 19, p. 2). The first petition requested an evidentiary hearing and resentencing on the issues of ineffective assistance of counsel and mental incompetency. (Doc. 12, p. 10; Doc. 19, p. 2). Specifically, McBride argued his mental health issues were not properly addressed by the court, and counsel failed to represent him in the presentence interview as well as failed to present mitigating evidence at sentencing. *Id.* The trial court denied the petition on November 30, 2011. (Doc. 13, pp. 36-38).

After the denial, McBride filed a petition for review in the Arizona Court of

Appeals on January 4, 2012. (Doc. 19, p. 2). The appeals court granted a limited remand to determine which exhibits the judge considered for sentencing. *Id.* The inquiry revealed a disparaging letter the trial judge had reviewed. *Id.* The letter was sealed and had not been disclosed to the parties. *Id.* Without directly addressing the letter, the Arizona Court of Appeals granted review but denied relief on May 25, 2012. (Doc. 14, p. 29). In its memorandum decision, the appeals court explained "McBride has failed to demonstrate the trial court abused its discretion, either in finding insufficient evidence that he was incompetent, or in concluding that counsel was not ineffective by failing to challenge McBride's incompetency at the change-of-plea and sentencing hearings." (Doc. 19, p. 2). McBride moved for a rehearing based on the letter but it was summarily denied. *Id.*

On October 13, 2012, McBride filed a petition for review in the Arizona Supreme Court. (Doc. 19, p. 2). This petition again argued incompetency and ineffective assistance, but also included a request to remand for resentencing before a different judge due to the sealed letter. (Doc. 14, p. 52; Doc. 19, p. 2). The Arizona Supreme Court denied the petition February 15, 2013. (Doc. 19, p. 2).

On April 12, 2013, McBride filed a second Notice of Post-Conviction Relief in the trial court. (Doc. 19, p. 3). The trial court dismissed the notice because the Arizona Court of Appeals had not yet issued its mandate, and the court did not have jurisdiction. *Id.*

McBride then filed another Notice of Post-Conviction Relief ("Notice") in the trial court on June 10, 2013, as well as a sealed motion for change of judge for cause. *Id.* When this petition was filed on August 12, 2013, McBride argued that the merits of the

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

issues raised in the First Petition (McBride's incompetency and counsel's ineffective assistance) needed to be re-reviewed because the disclosed letter constituted newly discovered evidence which could have had an impact not only on the sentencing, but in the trial court's initial Rule 32 proceedings. (Doc. 15, p. 47; Doc. 19, p. 3). The court reassigned the case to a different judge, finding "[the judge] has not, in any way, acted improperly, that she acted in good faith in these matters, and that she reasonably believed that no party would gain an advantage as a result of the *ex-parte* communication and that the communication did not have an effect at the time of sentencing. However, this Court does not wish there to be any issue of any nature surrounding these procedures." (Doc. 15, p. 36).

At first, the trial court held that the letter was not "newly discovered evidence" and denied both resentencing and re-evaluation of his first petition in front of a new judge. (Doc. 19, p. 3). But, after McBride filed a motion for rehearing, the trial court found the letter *was* "newly discovered evidence" and granted McBride a resentencing. (Doc. 17, pp. 6-7). It did not, however, re-examine its order denying a re-evaluation of the Rule 32 of-right petition in front of a different judge. (Doc. 19, p. 3).

McBride then filed a petition for review in the Arizona Court of Appeals on March 31, 2014. (Doc. 17, p. 11). The appeals court granted review but denied relief on September 22, 2014. (Doc. 18, pp. 3-6).

McBride filed for review in the Arizona Supreme Court but was this was denied on April 21, 2015. (Doc. 18, p. 20). The Arizona Court of Appeals' mandate issued on

May 7, 2015. (Doc. 8-4, p. 2).

Finally, McBride filed a petition for writ of certiorari with the U.S. Supreme Court on July 20, 2015 (Doc. 18, p. 36) which was denied on December 7, 2015. (Doc. 18-6, p. 2).

The pending petition for a writ of habeas corpus in this Court was filed July 21, 2016. (Doc. 1).

*Statutory Limitations for Filing a Writ of Habeas Corpus*

Under the Antiterrorism and Effective Death Penalty Act of 1996, a petitioner may file a writ of habeas corpus in federal court requesting relief from a state judgment, however, the time for the appeal is not unlimited. Petitioners have one year to file from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 8 U.S.C. § 2244(d)(1). "The time during which a properly filed application for State post-conviction . . . is pending shall not be counted toward any period of limitation." 8 U.S.C. § 2244(d)(2).

McBride's objections raise three issues: (1) whether the time between the conclusion of review of the first Rule 32 of-right proceedings and the Notice was tolled when calculating the one-year statute of limitations, (2) whether the sealed letter viewed by the judge but not counsel constituted structural error, negating the first round of appeals, and (3) whether the review was "pending" until the U.S. Supreme Court issued its denial of certiorari. The Court addresses these issues separately.

1.  *Tolling of Time Between Petitions*

The magistrate judge found the end of direct review occurred on May 16, 2013; ninety (90) days after the Arizona Supreme Court denied McBride's first petition. The Report and Recommendation subtracts the twenty-four (24) day period between that date and the date of the properly filed Notice of Post-Conviction Relief from the one year filing deadline. *See Hemmerle v. Schriro,* 495 F.3d 1069, 1074 (9th Cir. 2007) (When notice is filed properly "it is sufficient to toll the AEDPA statute of limitations.").

McBride argues that the time between conclusion of the first round of Rule 32 proceedings and the filing of the Notice in the second petition on June 10, 2013 was tolled because his second petition met the two-pronged test laid out in *King v. Roe*, 340 F.3d 821, 823 (9th Cir. 2003) (per curiam) (abrogated on other grounds); *accord. Stancle v. Clay*, 692 F.3d 948, 953 (9th Cir. 2012).

The *King* test determines whether a petitioner is entitled to tolling of "the period between petitions filed in the same court." *Stancle v. Clay,* 692 F.3d at 953 (quoting *Banjo v. Ayers*, 614 F.3d 964, 968 (9th Cir. 2010)). First, the Court must decide "whether the petitions are limited to an elaboration of the facts relating to the claims in the first petition." *King*, 340 F.3d at 823. If the Court considers the second petition an elaboration, "[the court] construe[s] the new petitions as part of the first 'full round' of collateral review" and allows tolling. *Id.* If the petitioner simply tried to correct deficiencies in the first petition the time would toll, but if the petitioner raises new claims, he brings a new round of collateral attack and the statute of limitations would run. *Stancle*, 692 F.3d at 954. Second, the Court must decide whether the state court denied the second claim based

on the merits or deemed the second petition untimely. *Id.*

Here, the magistrate judge's determination of the date that terminated direct review was made prior to McBride's objections.  Assumedly, the decision was predicated on the assumption that each petition was separate; the first petition raised issues of ineffective assistance of counsel and mental competency, the second raised the claim of newly-discovered evidence.

Under this logic, McBride's first petition was first denied by the trial court, then the Arizona Court of Appeals, and finally the Arizona Supreme Court on February 15, 2013. The Report and Recommendation states the final judgment would commence ninety (90) days after the denial, giving McBride a three month period to petition the U.S. Supreme Court for certiorari. Since McBride did not petition to the U.S. Supreme Court, the time expired to seek such review.

Based on McBride's arguments before the magistrate judge, her conclusions were reasonable. The "newly discovered evidence" argument was not raised until after the magistrate judge made her Report and Recommendation.  However, when analyzed under *King,* the newly discovered evidence issue was inextricably tied to the first proceeding and functioned as an expansion of the record in the first petition.

The District Court of Arizona's decision in *Corrales v. Ryan* is instructive. 2015 WL 4882632 (D. Ariz., Jun. 24, 2015). In that case, the defendant filed his first notice of post-conviction relief alleging his attorney was ineffective because he did not ask that counts be severed, and did not object to impeachment testimony or to the admission of

1
2
3
4
5
6
7
8
9
10
11
12

evidence. *Id.* at *2. The trial court denied the petition. *Id.* He then filed a petition for review to the Arizona Court of Appeals using the same arguments and was summarily denied. *Id.* Defendant did not file a petition to the Arizona Supreme Court, instead filing a second Rule 32 Notice in the trial court. *Id.* This time, defendant alleged ineffective assistance of counsel and newly-discovered evidence, but failed to include any argument or facts in support of either claim. *Id.* at 3. The court found that the second petition was not an elaboration of the first, instead it asserted new claims of ineffective assistance and newly discovered evidence and denied tolling of the time between petitions. *Id.* at 5. Addressing the second prong, the court also found the filings were untimely. *Id.* at 4.

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

McBride's situation is distinguishable from *Corrales*. In that case, the defendant had neither discovered new evidence during the pendency of the first proceedings, nor attempted to have the newly discovered evidence addressed during the pendency of the first round of review. When the defendant raised ineffective assistance and newly discovered evidence claims in the second round of proceedings, he failed to amend his second petition with any additional facts that were unknown to the trial court in the first. McBride, on the other hand, attempted at the earliest possible opportunity to obtain a rehearing at the Arizona Court of Appeals on the issue of the sealed letter during the first round of proceedings. He then petitioned for review of the issue to the Arizona Supreme Court. When McBride filed his second petition at the trial court, it included the letter, a newly discovered fact which was presented in the first round of review, but had not been properly addressed by the trial court in the first petition because the fact was unknown at

the time of filing. In McBride's case, the trial court granted him resentencing and found there was newly discovered evidence which could have altered the sentence. (Doc. 17, p. 6).   McBride was attempting to fix the discrepancies and errors in the first petition based on facts that were only revealed in the process of his first Rule 32 post-conviction proceedings. Unlike *Corrales*, McBride reasserted his original claims, but then asked that these claims be re-examined based on the newly-discovered letter. The "newly discovered evidence" should not be considered another claim*,* but the avenue in which McBride was able to elaborate on the facts included in the first Rule 32 petition.

The second prong of the two-part analysis is satisfied as well. The trial court did not find McBride's second petition untimely, and denied the petition on the merits.

The Court finds the later petition, filed June 10, 2013, was not a subsequent round of collateral review, but elaborated on the facts of the first petition. Therefore, the time between the conclusion of direct review in the Arizona Supreme Court and the Notice in the second round of post-conviction proceedings was tolled.

    2. *Structural Error*

In the alternative, McBride argues that if the Court rejects the argument that the time between proceedings is tolled, then the second Notice should be treated as the Rule 32 of-right petition for the purposes of beginning the one-year statute of limitations. He reasons the first petition and all of its appeals proceedings were void because the sealed letter constituted structural error by the trial court, and cannot be used to calculate the time.

1

2

3       Structural errors "infect the entire trial process and necessarily render a trial

4  fundamentally unfair." *Neder v. United States*, 527 U.S. 1, 7–9, 119 S.Ct. 1827, 144

5  L.Ed.2d 35 (1999); *see State v. Ring (Ring III)*, 65 P.3d 915, 993 ¶ 45 (2003). Structural

6  error "is limited to such circumstances as denial of counsel or a biased [trier or fact],"

7  *State v. Valverde*, 208 P.3d 233, 235–36 (Ariz. 2009) (en banc) (citing *State v. Garza,*

8  163 P.3d 1006, 1013 n. 6 (2007). In such cases, prejudice is presumed, because errors

9  were "so intrinsically harmful as to require automatic reversal." *Id.* at ¶ 10.

10       A biased trial judge may constitute structural error, but bias means more than

11 simply considering evidence that should not have been considered. McBride's examples

12 differ from the present situation. In those cases, the judges had a high degree of improper

13 personal involvement. In *Williams v. Pennsylvania*, a judge on a panel did not recuse

14 himself from post-conviction review, but should have because he had approved the death

15 penalty against the defendant when he served as a district attorney. __ U.S. __, 136 S.Ct.

16 1899, 1910, 195 L.Ed.2d 132 (2016).  In another case, the judge had a pecuniary interest

17 in the outcome of the case. *Tumey v. Ohio*, 273 U.S. 510, 532, 47 S.Ct. 437, 71 L.Ed. 749

18 (1927). In the last case, a judge denied a defendant the right to a jury verdict, and instead

19 substituted his own. *Sullivan v. Louisiana*, 508 U.S. 275, 281, 113 S.Ct. 2078, 124

20 L.Ed.2d 182 (1993).

21       The error committed here was not structural error. The sentencing judge sealed

22 one letter and reviewed it for sentencing, however, she had no interest in the outcome and

23 viewing the letter did not undermine the entire sentencing process. This situation is much

24

25

26

27

28

closer to that of a jury permitted to review evidence which had not been admitted. *See e.g., Eslaminia v. White*, 136 F.3d 1234, fn. 1 (9th Cir. 1998) (not structural error when jurors considered taped interview of individual who did not testify, tape was not in evidence, and counsel did not find out until after deliberations.); *People v. Gamache*, 227 P.3d 342, 385-86 (Cal. 2010) (not structural error when jurors viewed tape of two witnesses not admitted into evidence); *but see United States v. Noushfar*, 78 F.3d 1442 (9th Cir. 1996) (structural error found when judge allowed jury to view 14 incriminating tapes of defendants' statements).  Because there was no structural error, prejudice is not presumed. *Valverde*, 208 P.3d at 236. McBride has failed to show prejudice during his first round of post-conviction proceedings, and the Court finds the denials of review in McBride's first round of post-conviction review proceedings are valid.

Therefore, the conclusion of direct review occurred after the Arizona Supreme Court denied review in the first round of proceedings on February 15, 2013. *See section 4, infra* (discussing conclusion of review occurs on the date the state's highest court denied review).

Nonetheless, even if this Court found the first round of post-conviction review void due to structural error, the Court would not agree with McBride's conclusion. Because the Court finds tolling of all the time from the first petition to the conclusion of the second petition, McBride's argument would not increase the tolled time.

*3.  Final Judgment to U.S. Supreme Court*

McBride then argues the case remained "pending" until his petition for certiorari

- 11 -

to the United States Supreme Court was denied on December 7, 2015. He cites no case law supporting this theory. If true, it would mean the entire time between final judgment of the Arizona Supreme Court on May 16, 2013, to the denial of his petition for certiorari by the U.S. Supreme Court on December 7, 2013 was excluded from statute of limitations calculations. Accordingly, the pending petition (Doc. 1) would have been filed within the statutory time, 227 days later on July 21, 2016.

McBride's calculations for the end of tolling are incorrect. A petition to the U.S. Supreme Court for certiorari does not stop the statute of limitations clock from running. The U.S. Supreme Court explained:

> "[T]he statute of limitations is tolled only while state courts review the application. . . . [A] state post-conviction application 'remains pending' 'until the application has achieved final resolution though the State's post-conviction procedures.' [The U.S. Supreme Court] is not a part of a 'State's post-conviction procedures.' And an application for state post-conviction review no longer exists. All that remains is a separate certiorari petition pending before a *federal* court. The application for state post-conviction review is therefore not 'pending' after the state court's post-conviction review is complete, and § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari."

*Lawrence v. Florida*, 549 U.S. 327, 332 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007) (emphasis in original). Applying this to the pending writ, the time between the Arizona Supreme Court denial on the second round of post-conviction review and the final denial of certiorari from the U.S. Supreme Court was not tolled.

### 4. Denial from Arizona Supreme Court

Since the Court finds that McBride's petition was not pending while seeking a petition for certiorari to the U.S. Supreme Court, the Court must now determine the

- 12 -

1
2      actual date the tolling of time concluded and the clock began to run.

3              Tolling concludes at the time in which "the State's highest court has issued its
4
mandate *or denied review*." *Lawrence*, 549 U.S. at 332 (emphasis added). In Arizona, the
5
denial of review by the State Supreme Court ends the pendency of appeals proceedings
6
7      and allows the clock to begin again. *Hemmerle v. Schriro*, 495 F.3d 1069, 1077 (9th Cir.

8      2007), *cert. denied*, 555 U.S. 829 (2008); *Flores v. Trujillo*, 2013 WL 424725 (D. Ariz.,
9
Apr. 10, 2014) ("When the Arizona Supreme Court denied his petition for post-
10
11     conviction review, the limitation period began running again from where it left off.").

12             The Court concludes the date the proceedings were no longer 'pending' was on
13
April 21, 2015, when the Arizona Supreme Court denied relief. Therefore, the clock
14
15     began on April 24, 2015, the day after the Arizona Supreme Court decision and expired

16     366 days later on April 23, 2016.[1]  McBride filed his federal habeas petition on July 21,
17
2016, 457 days after the clock started. So, even granting tolling for the twenty-four (24)
18
19     days between his first and second petition, the pending habeas is still eighty-nine (89)

20     days overdue and is deemed untimely. The Court therefore finds:

21         1.  The entire time period between McBride's filing of his first Rule 32 petition of-
22
right on February 22, 2011, and his denial by the Arizona Supreme Court on April
23
24             21, 2015 is tolled.
25

26     _____

27             [1] Like the magistrate judge, the Court uses the "anniversary method" and includes
an additional day because 2016 was a leap year. (Doc. 19, p. 6) (citing *United State v.*
28     *Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). Since the filing deadline was a Sunday,
the court extends the deadline to Monday, April 24, 2016. Fed.R.Civ.P 6(a)(1)(C).

2. The clock for the one-year time limit to file a writ for habeas corpus in federal

   court began the day after the Arizona Supreme Court issued its denial of review,

   April 22, 2015.

3. Petitioner's deadline for filing within the one-year time limit expired April 24,

   2016.

4. Petitioner filed his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by

   a Person in State Custody on July 21, 2016, eighty-nine (88) days after the one-

   year statute of limitations had expired.

5. Petitioner's writ is therefore time-barred.

*Certificate of Appealability ("COA")*

   Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."   Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence.   28 U.S.C. § 2253(c)(1).   Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment.   This Court must determine, therefore, if a COA shall issue.

   The standard for issuing a COA is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).   "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:   The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."   *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). "When the district court denies a habeas petition on procedural grounds without reaching

the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*; *see also Robbins v. Carey*, 481 F.3d 1143,1146-47 (9th Cir. 2007) (failure to object to magistrate judge's conclusions does not automatically waive appellate challenge)   In the certificate, the Court must indicate which specific issues satisfy the showing.  *See* 28 U.S.C. § 2253(c)(3).

The Court finds that jurists of reason would not find it debatable whether the Petition was filed within the statutory time limitations and the Court finds that jurists of reason would not find it debatable whether the district court was correct in its procedural ruling.  A COA shall not issue as to McBride's claims.

Any further request for a COA must be addressed to the Court of Appeals.  *See* Fed. R.App. P. 22(b); Ninth Circuit R. 22-1

Accordingly, IT IS ORDERED:

1.  The Report and Recommendation (Doc. 19) is ADOPTED IN PART;

2.  The Petition Under 28 U.S.C. §2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is DENIED;

. . .

. . .

. . .

- 15 -

3.  The Clerk of the Court shall enter judgment and shall then close its file in this matter, and;

4.  A Certificate of Appealability shall not issue in this case.

Dated this 26th day of January, 2017.

_____
Honorable Cindy K. Jorgenson
United States District Judge